UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM AMISON,

    Plaintiff,

v.

Case No. 2:18-cv-11876
Hon. Terrence G. Berg

BRETT STILES, et. al.,

    Defendants.

_____/

# **OPINION AND ORDER OF SUMMARY DISMISSAL**

## **I. Introduction**

The Plaintiff, William Amison, presently confined at the Jackson County Jail in Jackson, Michigan, has filed a *pro se* civil rights complaint. Dkt. 1. For the reasons stated below, the Court will dismiss the complaint without prejudice.

## **II. Standard of Review**

On June 21, 2018, this Court granted Plaintiff's Application to Proceed without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915(a). Dkt 4. Section 1915(e)(2)(B) provides that the court shall dismiss a case brought by a litigant proceeding *in forma pauperis* at any time if the court determines that the action or appeal is, *inter alia,* frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore v. Wrigglesworth,* 114 F. 3d 601, 612 (6th Cir. 1997); *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

## III. Analysis

Plaintiff's complaint indicates that he is a pretrial detainee who has been charged with criminal offenses related to a heroin overdose death and first-degree criminal sexual conduct. Dkt. 1. Petitioner's criminal case is currently pending in the Jackson Circuit Court.[1] Plaintiff claims that he has been the victim of police and prosecutorial misconduct. *See* Dkt. 1. Plaintiff also contends that the police violated his Fourth Amendment rights in the search and seizure of his vehicle, and that three civilian witnesses gave false statements and testimony. *See id*. He asserts that he has already been tried once, but the jury was unable to reach a verdict. Plaintiff seeks monetary damages and "to be released from jail, due to the state not having a case against me." Dkt. 1, at 8.

---

[1] The Jackson Circuit Court website, https://www.co.jackson.mi.us/597/Court-Records, of which this Court is able to take judicial notice, *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003), confirms that plaintiff's still has an open case in that court. *See People v. Amison,* No. 16005232-FC-38.

## IV. Discussion

Plaintiff's complaint is subject to summary dismissal under *Younger v. Harris,* 401 U.S. 37, 45 (1971). In *Younger,* the United States Supreme Court held that federal courts should not enjoin pending state criminal proceedings except in a "very unusual circumstance" where an injunction is necessary to prevent "both great and immediate" irreparable injury. *See id.* The cost, anxiety, and inconvenience of a defendant having to defend against a single criminal prosecution cannot be considered in itself to constitute irreparable injury. Instead, the threat to a state criminal defendant's federally protected rights must be one that "cannot be eliminated by his defense against a single criminal prosecution." *Id.* at 46. The holding in *Younger* was based on principles of equity and upon the "more vital consideration" of the principles of comity and federalism. *Id.* at 44. Thus, in cases in which a criminal defendant is seeking to enjoin ongoing state court proceedings—whether they be criminal, civil, or administrative—federal courts should not exercise jurisdiction, but should instead dismiss the case in its entirety. *Kish v. Michigan State Bd. of Law Examiners,* 999 F. Supp. 958, 965 (E.D. Mich. 1998) (internal citations omitted).

A three-factor test applies in determining whether the *Younger* abstention doctrine should apply:

1. are there pending or ongoing state judicial proceedings;
2. do these proceedings implicate important state interests; and
3. is there an adequate opportunity in the state proceedings to raise constitutional challenges?

*See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F. 3d 469, 481 (6th Cir. 1997).

Applying the above test, the Court finds that it is appropriate to abstain from issuing injunctive relief in Plaintiff's underlying criminal state court proceeding. Moreover, if Plaintiff were to be convicted, he would still be required to exhaust his available state court appellate remedies prior to seeking federal relief. For purposes of *Younger,* a state's trial and appeals process is "treated as a unitary system" and a party may not obtain federal intervention "by terminating the state judicial process prematurely" by foregoing state appeals to attack the trial court's judgment in federal court. *New Orleans Public Service, Inc. v. Council of the City of New Orleans,* 491 U.S. 350, 369 (1989). A necessary prerequisite of the *Younger* doctrine is that a party [prior to contesting the judgment of a state judicial tribunal in federal court] must exhaust his or her state appellate remedies before seeking relief in the district court. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608 (1975).

Considering the first factor, there is an ongoing state judicial proceeding against Plaintiff. *See supra*, at n.1. As to the second factor, as is true of any state criminal case—"there is no question that the ongoing prosecution implicates important state interests." *Davis v. Lansing*, 851 F. 2d 72, 76 (2nd Cir. 1988); *See also Hansel v. Town Court for Town of Springield, N.Y.,* 56 F. 3d 391, 393 (2nd Cir. 1995) ("it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one"). Finally, with respect to the third factor, during the course of the state prosecution Plaintiff will have an opportunity to challenge the constitutionality of any pending criminal charges or any convictions in the state courts. With good reason, federal courts presume that the state courts provide due process that adequately protects the interests of a federal plaintiff. *See Kelm v. Hyatt,* 44 F. 3d 415, 420 (6th Cir. 1995). Applying this test, the Court will abstain from granting Plaintiff any injunctive relief related to his ongoing state criminal case.

The Court recognizes that Plaintiff also requests monetary damages arising from his arrest and prosecution. The *Younger* abstention doctrine also applies to cases where a plaintiff requests monetary damages. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir.1998) (holding, "[plaintiff's] present federal action for damages under 42 U.S.C. § 1983 and the Fair Housing Act is a textbook case for *Younger* abstention"); *Schilling v. White*, 58 F.3d 1081,

1084 (6th Cir. 1995) ("our Circuit has recognized that the relevant inquiry when considering abstaining under *Younger* is the nature and degree of the state's interest in its judicial proceedings, rather than whether a party is seeking injunctive relief or monetary damages.").

## V. Conclusion

It is hereby **ORDERED** that the Plaintiff's Complaint, Dkt. 1, is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**

Dated: June 29, 2018      s/Terrence G. Berg
                                            TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on June 29, 2018.

                                            s/A. Chubb
                                            Case Manager